CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
September 26, 2025
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| Moon Young Kim, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 3:25-cv-00054 |
| The Rector and Visitors of the | ) | |
| University of Virginia, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Moon Young Kim filed a motion for recusal, change of venue, and stay of the proceedings of her case against Defendant The Rector and Visitors of the University of Virginia ("UVA" or "the University"). (Dkt. 31.) For the following reasons, the court will deny this motion.

Kim's complaint arises out of events that transpired during her PhD candidacy at the University of Virginia, which are detailed at length in the court's prior memorandum opinion but which began no earlier than January 2025. (*See* Dkt. 23 at 1–14; *see also* Second Am. Compl. (Dkt. 18).) Based on these events, Kim alleges that she was subject to Title IX retaliation, Section 504 retaliation and discrimination, Americans with Disabilities Act ("ADA") discrimination, a deprivation of procedural due process, and a violation of the Equal Protection Clause. (Second Am. Compl. ¶¶ 101–34.) Kim also seeks declaratory relief for these violations. (*Id.* ¶¶ 135–37.)

On July 31, 2025, this court denied Kim's motion for emergency injunctive relief with a memorandum opinion and accompanying order. (Dkts. 23, 24.) On August 25, 2025, Kim filed a motion for recusal, change of venue, and a stay of proceedings. (Dkt. 31.) The University responded to the recusal motion on September 8, 2025. (Dkt. 40.) On September 15, 2025, Kim filed a reply. (Dkt. 44.)

Kim argues that the undersigned possesses conflicts of interest which mandate recusal from this case. Specifically, Kim notes the undersigned's degrees from the University of Virginia, her spouse's service as the U.S. Attorney for the Western District of Virginia through December 2024, and her previous employment at Capital One. (Dkt. 31 at 4–7.) Kim paints this court's order denying her motion for emergency injunctive relief as bearing the "appearance of prejudgment through burden polemics," which reflects "not individual bias, but the inevitable result of systemic entanglement that no amount of judicial integrity can fully overcome." (*Id.* at 6–7.) As such, Kim states that a transfer of venue to the U.S. District Court for the District of Columbia is necessary to avoid "Virginia's bar and UVA ties." (*Id.* at 13.) Kim also requests a stay until recusal and venue transfer are performed. (*Id.* at 14.) Finally, in the event her motion is denied, Kim requests certification for immediate interlocutory appeal. (*Id.*)

## I.       Standard of Review

A federal judge must recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(a) "deals with the *objective appearance* of partiality." *Liteky v. United States*, 510 U.S. 540, 553 n.2 (1994) (emphasis in original); *see United States v. Carmichael*, 726 F.2d 158, 160 (4th Cir. 1984) ("The standard to be

- 2 -

applied is an objective one, to foster not only actual impartiality but also the appearance of impartiality."). That is, recusal is required where "a reasonable person would have a reasonable basis for questioning the judge's impartiality." *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987) (internal citation omitted).

Under § 455(b), a judge must also recuse herself from a case where she "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," where she "in private practice . . . served as lawyer in the matter in controversy," or where she "has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." *Id.* § 455(b)(1)–(3). A judge's recusal may be required if her spouse is a party to the proceeding, acts as an attorney in the proceeding, is known by the judge to have "an interest that could be substantially affected by the outcome of the proceeding," or is "to the judge's knowledge likely to be a material witness in the proceeding." *Id.* § 455(b)(5).

## II.    Analysis

A judge's prior association with a litigant organization "does not, in itself, form a reasonable basis for questioning a judge's impartiality." *Sierra Club v. Simkins Indus., Ind.*, 847 F.2d 1109, 1117 (4th Cir. 1988). That is, a judge need not recuse herself merely because she— or her family members—graduated from an educational institution now appearing before her. *See id.* (citing *Brody v. President & Fellows of Harvard College*, 664 F.2d 10, 11 (1st Cir. 1981)); *see also Okocha v. Adams*, No. 1:06CV00275, 2007 WL 1074664, at *3 (M.D.N.C. Apr. 9, 2007) (declining to reconsider decision not to recuse where judge served on board of the school of

law associated with defendant university); *Medsense, LLC v. Univ. Sys. of Md.*, No. 8:20-cv-892, 2020 WL 3498084, at *2 (D. Md. June 29, 2020) (collecting cases holding that judges who are actively teaching at the law school of a university system need not recuse themselves from litigation involving that university). The court therefore finds that there is no reasonable basis for questioning the undersigned's impartiality based on her connections to the University.

Nor does the undersigned hold any personal bias or prejudice against any party, or otherwise have a relationship or financial interest in this case which would disqualify her under § 455(b). Although her spouse served as the U.S. Attorney for the Western District of Virginia until December 2024, Kim does not clarify how his involvement in general civil rights complaints—if any—has any bearing on her case, the facts of which did not arise until 2025. Indeed, even if it were true that the undersigned's spouse worked alongside Emily Springston, a UVA Equal Opportunity and Civil Rights official, while he was in office prior to the events of Kim's complaint, such an affiliation alone is simply too attenuated to create any inference of bias or prejudice by the undersigned in this case. Finally, Kim does not explain how the undersigned's prior employment with Capital One has any relationship to the facts at issue before the court or shows bias or prejudice that would require recusal.

Nevertheless, Kim complains of the appearance of bias in this court's previous memorandum opinion denying her motion for emergency injunctive relief. Specifically, Kim takes issue with the court's "use[ of] terminology paralleling Defendant's 'caregiver' framing," (Dkt. 31 at 6), which Kim contends "appear[s] to minimize the stigma that Congress explicitly intended to protect against," (*id.* at 12). Although Kim is correct that judicial remarks may create the appearance of bias, such remarks must exceed a high threshold to support a motion

- 4 -

for recusal, as "judicial remarks that are 'critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.'" *Blue v. Leventhal*, 640 F.3d 567, 573 (4th Cir. 2011) (quoting *Liteky*, 510 U.S. at 555). Even considering the undersigned's former affiliation with the University, the court's use of the term "caregiver" in its memorandum opinion plainly does not meet the high threshold necessary to create the appearance of bias. Moreover, the court notes that its use of the term "caregiver" reflects Kim's own phrasing throughout her complaint. (*See* Second Am. Compl. ¶¶ 20, 21, 22, 24, 32, 57, 97, 109, 111, 117; *see, e.g.*, *id.* ¶ 85 (alleging "disability-based and caregiver-based retaliation under Section 504 and the ADA").)

As the Fourth Circuit has noted, "litigants are entitled to a judge free of personal bias, but not to a judge without any personal history before appointment to the bench." *Sierra Club*, 847 F.2d at 117 (citations omitted). Moreover, "while recusal motions serve as an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor." *Blue*, 640 F.3d at 574. Kim does not state any reasonable basis for questioning the undersigned's impartiality, nor does she state any facts that would support a finding of personal bias, prejudice, or any other interest in this case, which would disqualify her. The court will therefore deny Kim's motion for recusal. Because recusal is not warranted, the court will also deny Kim's requests for a change of venue and a stay of the proceedings.

Finally, the court will deny Kim's request for this court to certify its decision for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The Fourth Circuit "ha[s] cautioned that § 1292(b) should be used sparingly and thus that its requirements must be strictly construed."

*United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340 (4th Cir. 2017) (quoting

*Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989)).    A district court may properly certify an

order for interlocutory appeal where there exists a pure legal question, *id.* at 340–41, and where

"an immediate appeal from the order may materially advance the ultimate termination of the

litigation," 28 U.S.C. § 1292(b).    However, certification for appellate review is inappropriate

where the question is one of fact or the application of law to the facts of the case.    *United States*

*ex rel. Michaels*, 848 F.3d at 341.

    The court finds that Kim has not shown that the order sought for interlocutory appeal

involves a controlling question of law about which there is substantial ground for difference

of opinion.    *See* 28 U.S.C. § 1292(b).    Rather than a "narrow question of pure law," the

undersigned's decision as to her recusal is grounded in the specific facts of this case.    *See Zinski*

*v. Liberty Univ., Inc.*, No. 6:24-cv-00041, 2025 WL 1001163, at *2 (W.D. Va. Apr. 3, 2025)

(quoting *Fannin v. CSX Transp., Inc.*, No. 88-8120, 1989 WL 42583, at *5 (4th Cir. Apr. 26,

1989)).    Moreover, Kim has not shown that this question is "a novel and difficult issue of first

impression" or that "there is a circuit split and the controlling circuit has not commented on

the conflicting issue."    *Id.* (quoting *Hatch v. Demayo*, 1:16CV925, 2018 WL 4688390, at *2

(M.D.N.C. Sept. 29, 2018)); *see also Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612,

624 (D. Md. 2013) (clarifying that "[a]n issue presents a substantial ground for difference of

opinion if courts, as opposed to parties, disagree").    Finally, Kim has not shown that review

of this issue would promote the efficiency of the federal court system or avoid prolonged and

expensive litigation.    *Cf. Zinski*, 2025 WL 1001163, at *6 (finding this element met where it

was a "near certainty" that reversal by the Fourth Circuit would save litigant "significant pre-

trial effort and expense" by eliminating entirely the only alleged claim). The court will therefore find that an interlocutory appeal is not warranted under § 1292(b) and will deny Kim's request to certify the accompanying order for interlocutory review.

### III.    Conclusion

For the reasons stated above, the court will deny Kim's motion for a recusal, change of venue, and a stay of proceedings. (Dkt. 31.) It will also deny Kim's request to certify its decision for interlocutory appeal. (*Id.*)

An appropriate Order shall accompany this Memorandum Opinion.

**ENTERED** this 26th day of September, 2025.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE